MARY'S OPINION HEADING 












                                                NO.
12-05-00282-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

KEITH PATRICK MCKAY, §                      APPEAL
FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      HOUSTON COUNTY, TEXAS

                                                                                                 
                                                          

MEMORANDUM
OPINION

            A jury convicted Appellant Keith Patrick McKay of
aggravated sexual assault, injury to an elderly individual, burglary of a
habitation, and burglary with intent to commit an assault.  The jury assessed his punishment at
imprisonment for life.  Appellant
complains that the evidence is factually insufficient to support his conviction
and that the trial court erred in allowing the testimony of Officer Ben Gardner
about a past statement made by Appellant’s alibi witness.  We affirm.

 

Background








            T.M., the victim, was an eighty-one year old widow who
lived alone.  Sometime between 2:30 a.m.
and 6:30 a.m., an intruder kicked down her front door, entered the house, and
came down the lighted hallway to the bedroom where T.M. slept.  He demanded her purse.  She said she did not have it.  The intruder became enraged and beat her
severely around the face and chest.  In
an effort to get her to tell where her money was, her assailant stuck his
finger in T.M.’s rectum.  Her assailant
left the house apparently empty handed. 
T.M. lay on the floor for an undetermined period, then made it to her
vehicle and drove to the house of a neighbor, left her car in the street, and
managed to walk to the house.  Shocked to
see her friend with a swollen face and bleeding from the mouth and nose, Ms.
Gray asked her “what happened.”  T.M.
replied,  “[T]he boy next door beat me
up.”

            Ms. Gray called the police and the ambulance
service.  T.M. was taken to the hospital
emergency room.  A CAT scan showed she
had a small brain injury, and she was placed in intensive care for
observation.  T.M. endured several
periods of hospitalization for the treatment of the injuries she suffered in
the attack.  In addition to the hematoma,
she had broken ribs and a broken tooth embedded in her cheek.

            Although her attacker’s face was partially obscured by a
rag or scarf, T.M. never wavered from her identification of him as “the
neighbor boy” or “Ms. Kitty’s boy.”  At
trial, T.M. positively identified Appellant as her assailant.

            Appellant did not testify but called one alibi witness,
James Hackett, who testified Appellant was at his house during the early
morning hours when T.M. was assaulted.

 

Factual Sufficiency

            In his first issue, Appellant challenges the factual
sufficiency of the evidence to support the jury’s verdict.

Standard of Review

            In the recent case of Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004), the court of criminal appeals explained the
factual sufficiency standard.

 

There
is only one question to be answered in a factual-sufficiency review:  Considering all of the evidence in a neutral
light, was a jury rationally justified in finding guilt beyond a reasonable
doubt?  However, there are two ways in
which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so [that] the
guilty verdict should not stand.  This
standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

 

Id. at
484-85.

 

Discussion

            Appellant points to the absence of physical evidence
connecting him to the crime.  The State
presented no fingerprint evidence and no blood samples or DNA analysis.  Appellant claims that the only testimony
linking him to the crime is the eyewitness testimony of T.M. who saw Appellant
in the bedroom illuminated only by a light in the hall.  Appellant argues that the State’s case rests
entirely on the frail memory of an elderly woman.

            T.M. testified that she left a light on at night in the
living room and hall ever since her husband died.  She said that she could see from her bed to
the front door, but she first saw Appellant standing at the door between the
hall and the bedroom.  She claimed she
got a good look at him.  She had a recent
eye operation that made it possible to see well without glasses.  She had known Appellant for years, and at one
time he had been in the habit of periodically walking across her yard.  She became impatient with one of the officers
who asked if she was certain about her identification.

            Appellant is right handed, consistent with the injuries
suffered by T.M. to the left side of her face. 
Immediately after the assault, Investigator Standley found a small fresh
cut on Appellant’s right hand.

            Appellant lived with his mother, Ms. Kitty, right behind
the victim’s house.  Investigator Standley
also found three footprints that indicated someone had recently approached the
front porch from the rear of the house.

            A conviction for sexual assault may be affirmed absent
any medical evidence and solely on the testimony of the victim.  Bottenfield v. State, 77 S.W.3d
349, 356 (Tex. App.–Fort Worth 2002, pet. ref’d).  The trier of fact is the sole judge of the
credibility of the witnesses and the weight to be given their testimony.  See Bonham v. State, 680 S.W.2d
815, 822 (Tex. Crim. App. 1984).  The
jury is free to believe or disbelieve the testimony of any witness, to
reconcile conflicts in the testimony, and to accept or reject any or all of the
evidence of either side.  Adelman
v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

            T.M. was never in doubt that Appellant was her
assailant.  She told five of the
witnesses that it was the neighbor boy, Ms. Kitty’s son, who assaulted
her.  She had seen Appellant, Ms. Kitty’s
son, around the neighborhood for years. 
Far from having the “fragile memory of an elderly woman,” several
medical witnesses as well as her friends testified that she was extraordinarily
mentally alert.  Given the close and
long-standing personal relationship between Appellant and his alibi witness,
Hackett, the jury might understandably discount his story that he fixed an
early morning supper for them both while Appellant slept or watched television
throughout the hours during which the assault occurred.

            Weighing all the evidence in a neutral light, we conclude
the evidence supporting the conviction is sufficient to sustain the jury’s
finding of guilty beyond a reasonable doubt. 
The evidence is factually sufficient to support the conviction.  Appellant’s first issue is overruled.

 

Admission of Evidence

            In his second issue, Appellant contends that the trial
court erred in allowing Officer Ben Gardner to testify that Appellant’s alibi
witness, Hackett, had told him in 2001 that Appellant was his “boyfriend.”  Appellant insists this testimony strongly
implied that there was a homosexual relationship between him and his alibi
witness.  Appellant argues that, even if
relevant and probative, its prejudicial effect far outweighed its probative
value and the trial judge should have excluded the evidence under Texas Rule of
Evidence 403.

Standard of Review

            A trial court’s decision to admit or exclude evidence is
reviewed under an abuse of discretion standard. 
See Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.
Crim. App. 1990).  If the trial court’s
ruling on the admission of evidence is correct under any theory of law, the
trial court’s decision should not be disturbed even if the trial court gives
the wrong reason for its ruling.  See Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Applicable Law

            Texas Rule of Evidence 403 provides, as follows:

 

Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.

 

 

Tex.
R. Evid.
403.

            Rule 403 favors the admission of relevant evidence and
carries a presumption that relevant evidence will be more probative than
prejudicial.  Jones v. State,
944 S.W.2d 642, 652 (Tex. Crim. App. 1996). 
Rule 403 requires the exclusion of evidence only where there exists a
clear disparity between the degree of prejudice of the offered evidence and its
probative value.  Id.  A proper Rule 403 analysis includes, but is
not limited to, four factors: (1) the probative value of the evidence; (2) the
potential of the evidence to impress the jury in some irrational yet indelible
way; (3) the time needed to develop the evidence; and (4) the proponent’s need
for the evidence.  State v. Mechler,
153 S.W.3d 435, 440 (Tex. Crim. App. 2005).

Discussion

            During cross examination, Appellant’s alibi witness
acknowledged that Appellant visited him once a day, frequently stayed
overnight, and that he regularly gave Appellant spending money. Appellant, he
said, was like a nephew to him.  When the
prosecutor asked if Appellant was not much closer than a nephew to him, Hackett
responded, “No ma’am, that’s not true.” 
The prosecutor then asked if he remembered making a statement to the Crockett
Police Department “that Mr. McKay was your boyfriend.”  Hackett denied making the statement.  The State, in rebuttal, called Officer Ben
Gardner who testified, over Appellant’s objection, that he answered a
disturbance call at Hackett’s home in 2001, where Hackett told him that he and
his boyfriend (Appellant) had gotten into an argument and Appellant had done
some damage.

            The legitimate basis for the introduction of evidence of
the prior statement was its impeachment value as a prior inconsistent statement
indicating a closer emotional tie between the witness and Appellant than the
witness had admitted.  The word “boyfriend,”
as understood in this context, connotes a deeper emotional bond than that
between an uncle and a nephew, a bond much more likely to influence the witness’s
testimony and raise greater doubts about his veracity.

            The State’s case rested in great part on the testimony of
the victim.  From the State’s standpoint,
it was important to discredit the alibi witness.  The State took little time in developing the
challenged evidence and did not dwell on it in argument.  We remain unconvinced that the suggestion of
homosexuality impressed the jury in some irrational way and unfairly prejudiced
Appellant’s defense.  The probative value
of the evidence in question was not substantially outweighed by the danger of
unfair prejudice, and the trial court did not abuse its discretion in admitting
it.  Appellant’s second issue is
overruled.

Conclusion

            The judgment is affirmed.

 

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

 

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)